**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **LINDSAY WARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS FARM BUREAU, TEXAS FARM BUREAU BUSINESS CORPORATION, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, SLOAN BROWN, JUSTIN INGRAM, AND JON SHARP,** | § | **CASE NO. 6:19-cv-00337-ADA-JCM** |
| | § | |
| **Defendants.** | § | |

---

**JOINT 26(f) REPORT AND DISCOVERY PLAN**

---

TO THE HONORABLE JUDGE ALBRIGHT:

Pursuant to FED. R. CIV. P. 26(f), Plaintiff Lindsay Ward and the Defendants who have been served and entered an appearance, Texas Farm Bureau, Texas Farm Bureau Business Corporation, Texas Farm Bureau Casualty Insurance Company, Texas Farm Bureau Mutual Insurance Company, Texas Farm Bureau Underwriters, Farm Bureau County Mutual Insurance Company of Texas, Southern Farm Bureau Life Insurance Company (the "Entity Defendants"), and Justin Ingram jointly submit this Joint Rule 26(f) Report and Discovery Plan.[1]

[1] Of the individual defendants, only Mr. Ingram has entered an appearance.

Plaintiff and the Entity Defendants, through their counsel, conferred on August 9, 2019 and August 30, 2019, and agreed upon the following.

1. **Disclosures under Rule 26(a)(1)**. Plaintiff and the Entity Defendants agree to exchange their Rule 26(a)(1) disclosures on or before **September 23, 2019.**

2. **Discovery Plan**. Discovery will involve document production, interrogatories, requests for admission, and party and witness depositions, which may include expert depositions. Discovery will be needed with respect to all claims and defenses in this case. Plaintiff and the Entity Defendants estimate that discovery should be completed within **ten (10)** months. Plaintiff and the Entity Defendants do not believe it is necessary to conduct discovery in phases.

3. **Electronic Discovery**. Plaintiff and the Entity Defendants agree to reasonably cooperate in determining whether electronic media produced in this case shall be in native, non-native, or other format. With respect to email communications, Plaintiff and the Entity Defendants agree to reasonably cooperate in determining whether to produce metadata and the appropriate format for capturing any discoverable metadata. Plaintiff and the Entity Defendants further anticipate conferring in good faith regarding the possibility of using search terms to identify discoverable emails and other electronic materials.

4. **Privilege – Clawback Agreement**. Plaintiff and the Entity Defendants have agreed, as incorporated herein and consistent with Rule 502, Federal Rules of Evidence, to provide for the right of "clawback" of privileged or otherwise protected materials which are inadvertently produced by a party. As part of such Agreement, Plaintiff and the Entity Defendants hereby agree that if privileged or otherwise protected information is inadvertently produced, the producing party may, by timely notice following the producing party's discovery of such production, assert the privilege or protection, and the receiving party shall return, without

retaining a copy, all of the inadvertently produced materials, without waiver of the right to obtain a ruling from the Court that such materials are not privileged or otherwise protected. The party which inadvertently produced such materials shall sequester such materials in the event *in camera* inspection is requested. Plaintiff and the Entity Defendants agree that inadvertent production of privileged or otherwise protected materials shall not be construed or deemed to be a general or specific waiver of any privilege or work product protection, or cause such privilege or protection to be lost due to the inadvertent act of production. Plaintiff and the Entity Defendants reserve the right to negotiate any changes to the above procedures by mutual agreement or stipulation for Court approval.

5. **Privilege Log Exception**. Plaintiff and the Entity Defendants recognize that logging of routine attorney-client communications in connection with ongoing litigation ordinarily imposes an undue burden on all of the parties. Accordingly, Plaintiff and the Entity Defendants agree that the following documents shall be excluded from the requirements of Rule 26(b)(5)(A): privileged communications to or from a lawyer or lawyer's representative, and documents that constitute protected work product, which (1) were created or made from the point at which a party consults a lawyer with a view to obtaining professional legal services from the lawyer in the prosecution or defense of a specific claim in this litigation or in the case of *Ferguson v. Texas Farm Bureau Business Corporation et al.*, Civ. No. 6:17-cv-00111, in the Western District of Texas, and (2) concern this litigation or the related case of *Ferguson v. Texas Farm Bureau Business Corporation et al.*, Civ. No. 6:17-cv-001116, in the Western District of Texas. Plaintiff may request a narrowly tailored privilege log to identify documents withheld on the basis of privilege, if any, responsive to specific discovery requests relating to the preparation of agency manager affidavits in the *Ferguson* litigation (Case No. 6:17-cv-00111), the

presentation of the affidavit to Ward, Ward's termination, and such other matters reasonably related to these topics. Defendants may object to such a request for a privilege log. The parties agree in such a case to work together in good faith to resolve the dispute. If the parties cannot resolve the dispute, Rule 26(b)(5)(A) controls unless, within 7 days of either party declaring an impasse in the negotiations of the dispute, Defendants seek and obtain relief from the Court. Defendants need not produce a log during the time period that the Court is considering a request for relief from Rule 26(b)(5)(A) under this agreement. The Defendants' objection to any request for a privilege log under this paragraph and failure to provide such a privilege log pursuant to the provisions of this paragraph shall not be deemed a waiver of any such privilege asserted with respect to the disputed request.

6. **Limitations on Discovery**. Plaintiff and the Entity Defendants do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local Court Rules CV-26, CV-33, and CV-36.

7. **Protection of Confidential Information**. There will be sensitive confidential information disclosed during discovery. Plaintiff and the Entity Defendants are working to prepare a Proposed Confidentiality and Protective Order for submission to the Court.

8. **Other Orders Under Rule 26(c) or 16(b) and (c)**. Plaintiff and the Entity Defendants have agreed to the form of a Scheduling Order, attached hereto as Exhibit A. Plaintiff and the Entity Defendants do not seek any further orders under Rule 26(c) or 16(b) and (c) at this time.

9. **Consent to Electronic Service**. Plaintiff and the Entity Defendants consent pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) to service of any document—including,

for example, discovery requests, discovery responses, and expert and other disclosures—on the other party by electronic means, including, but not limited to, e-mail, FTP sites, or secure file-sharing services. Plaintiff and the Entity Defendants agree that service on any Party by email shall be made only as follows, unless otherwise modified in writing:

**TEXAS FARM BUREAU ENTITY DEFENDANTS:**
Julie A. Springer
jspringer@wshllp.com
Sara E. Janes
sjanes@wshllp.com
Matt C. Wood
mwood@wshllp.com
WITH A COPY TO: jblair@wshllp.com

**PLAINTIFFS:**
John Eddie Williams
jwilliams@williamskherkher.com
Brian A. Abramson
babramson@williamskherkher.com
Sean M. McCarthy
smccarthy@williamskherkher.com
WITH A COPY TO: shebert@whlaw.com and dcost@whlaw.com and dhedrick@whlaw.com

**DEFENDANT SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY:**
Markham R. Leventhal
mleventhal@carltonfields.com
Cathleen Bell Bremmer
cbremmer@carltonfields.com

Aaron S. Weiss
aweiss@carltonfields.com
Irma Reboso Solares
islares@carltonfields.com
Stephanie A. Fichera
sfichera@carltonfields.com
WITH A COPY TO: mramudo@carltonfields.com

Avi Moshenberg
avi.moshenberg@mhllp.com
Nick Lawson
nick.lawson@mhllp.com
William B. Thomas
william.thomas@mhllp.com
WITH A COPY TO: rita.larue@mhllp.com and kimberly.venzant@mhllp.com

Kelly E. Cook
kcook@wylycooklaw.com
Warren A. Berlanga
wberlanga@wylycooklaw.com
WITH A COPY TO: ci@wylycooklaw.com

Respectfully submitted,

**WEISBART SPRINGER HAYES LLP**
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax

By: /s/ Matt C. Wood
Julie A. Springer
Texas Bar No. 18966770
jspringer@wshllp.com
Sara E. Janes
Texas Bar No. 24056551
sjanes@wshllp.com
Matt C. Wood
Texas Bar No. 24066306
mwood@wshllp.com

**ATTORNEYS FOR TEXAS FARM BUREAU DEFENDANTS AND JUSTIN INGRAM**

**CARLTON FIELDS, P.A.**
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, D.C. 20007-5208
202.965.8100
202.965.8104 fax

By: /s/ Markham R. Leventhal
Markham R. Leventhal
mleventhal@carltonfields.com

Aaron S. Weiss
Irma Reboso Solares
Stephanie A. Fichera
**CARLTON FIELDS, P.A.**
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
305.530.0050
305.530.0055 fax
aweiss@carltonfields.com
islares@carltonfields.com
sfichera@carltonfields.com

**WILLIAMS HART BOUNDAS EASTERBY LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713.230.2200
713.643.6226 fax

By: /s/ Kelly E. Cook
John Eddie Williams
jwilliams@williamskherkher.com
Brian A. Abramson
babramson@williamskherkher.com
Sean M. McCarthy
smccarthy@williamskherkher.com

Avi Moshenberg
Nick Lawson
William B. Thomas
**MCDOWELL HETHERINGTON LLP**
1001 Fannin Street, Suite 2700
Houston, Texas 77002
713.337.5580
713.337.8850 fax
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
william.thomas@mhllp.com

Kelly E. Cook
Warren A. Berlanga
**WYLY & COOK PLLC**
4101 Washington Avenue, 2nd Floor
Houston, Texas 77007
713.236.8330
713.863.8502 fax
kcook@wylycooklaw.com
wberlanga@wylycooklaw.com

**ATTORNEYS FOR PLAINTIFFS**

Cathleen Bell Bremmer
**CARLTON FIELDS, P.A.**
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, Florida 33607-5780
813.229.4326
813.229.4133 fax
cbremmer@carltonfields.com

**ATTORNEYS FOR SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record herein by way of:

- ☐ U.S. Mail, First Class
- ☐ Certified Mail
- ☐ Facsimile
- ☐ Federal Express
- ☐ Hand Delivery
- ☒ ECF (electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants)

on this 5th day of September 2019, to wit:

John Eddie Williams
Brian A. Abramson
Sean M. McCarthy
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713.230.2200
713.643.6226 fax
jwilliams@whlaw.com
babramson@whlaw.com
smccarthy@whlaw.com

Avi Moshenberg
Nick Lawson
William B. Thomas
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, Texas 77002
713.337.5580
713.337.8850 fax
avi.moshenberg@mhllp.com
nick.lawson@mhllp.com
william.thomas@mhllp.com

Kelly E. Cook
Warren A. Berlanga
WYLY & COOK PLLC
4101 Washington Avenue, 2nd Floor
Houston, Texas 77007
713.236.8330
713.863.8502 fax
kcook@wylycooklaw.com
wberlanga@wylycooklaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Julie A. Springer
Julie A. Springer