**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **LINDSAY WARD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **6:19-CV-00337-DTG** |
| | § | |
| **TEXAS FARM BUREAU ET AL.,** | § | |
| *Defendants.* | § | |
| | § | |

## ORDER GRANTING IN PART, DENYING IN PART ECF NO. 156, MOTION TO EXCLUDE THE EXPERT OPINIONS OF DENISE KAY[1]

Before the Court is ECF No. 156, Defendants' Joint Motion To Exclude Plaintiff's Retained Expert Denise Kay. Defendants seek to exclude the testimony of Denise Kay, Plaintiff's retained expert on human resources practices.

### I.      LEGAL STANDARD

With respect to the proper scope of expert testimony, testimony in the form of an opinion "is not objectionable just because it embraces an ultimate issue." Fed R. Evid. 704. "An expert witness is permitted to give his opinion on an 'ultimate issue' of fact, assuming he is qualified to do so." *United States v. Oti*, 872 F.3d 678, 691 (5th Cir. 2017). "Testimony on ultimate issues aids the jury in reaching a verdict. In comparison, testimony which states and applies the relevant law circumvents the jury's decision-making function by telling it how to decide the case." *City of Allen, Tex. v. Time Warner Cable Tex., LLC*, No. 19-cv-345, 2021 WL 8053616, at *3 (W.D. Tex. Nov. 1, 2021) (citation omitted). "[A]n expert may never render conclusions of law." *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009). "[A]n expert should not be permitted to give

---

[1] Because of unforeseen circumstances beyond Plaintiff's control, Plaintiff has moved for leave to designate an expert to replace Denise Kay. If the Court grants that motion, the rulings in this Order will apply equally to any expert designated in place of Denise Kay.

opinions that reiterate what the lawyers offer in argument . . . or tell the jury what result to reach." *Dickson v. Bosworth Co., Ltd.*, No. 21-cv-9, 2022 WL 1523490, at \*4 (W.D. Tex. May 13, 2022).

In *Dickson*, the Court considered objections to an expert's opinions on "whether [employer] exercised reasonable care to prevent and correct promptly any harassing and/or discriminatory behavior and whether Plaintiff failed to take advantage of any preventative or corrective opportunities provided by [employer]." *Dickson*, 2022 WL 1523490, at \*1. The court explained that expert testimony on "policies, procedures, and practices, and training received by employees at [employer] as compared to prevailing standards or best practices" was admissible, while "the conclusion that [employer's] actions were adequate and consistent with standards of reasonable care" was not. *Id.* at \*5.

## II.      ANALYSIS

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion. The Court agrees that Ms. Kay's report improperly offers legal conclusions as to whether Farm Bureau used proper FLSA classifications for its employees. Kay Report (ECF No. 156-1) at 12 ("Farm Bureau ignored the law, available guidance, and generally accepted practices for classifying workers. It should have acted like any reasonable company and followed these standards and generally accepted HR practices—especially since the facts supporting that Agency Managers are employees under these standards would have told a competent HR professional that Farm Bureau risked violating the FLSA."). These opinions are excluded as improperly making legal conclusions about FLSA classifications.

Defendants' Motion also seeks to exclude Ms. Kay's testimony on whether Farm Bureau's alleged FLSA violations were willful. "An employer's violation is willful only if it 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.'"

*Zannikos v. Oil Inspections, Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

In the *Merritt* case, this Court acknowledged that Ms. Kay would not be able to testify that the plaintiff was misclassified as an independent contractor. No. 6:19-cv-00679-DTG, ECF No. 187 at 12 (W.D. Tex. May 16, 2023). The Court permitted Ms. Kay to testify on willfulness. *Id.* at 13. Defendants rely on Ms. Kay's statement in a deposition that Texas Farm Bureau "willfully disregarded" whether agency managers were appropriately classified as independent contractors. ECF No. 156 at 8 (citing ECF No. 156-2 at 172–73). Ms. Kay can testify about the policies, procedures, and practices, and training conducted by Farm Bureau as compared to prevailing standards or best practices. *Dickson*, 2022 WL 1523490, at *5. Such testimony, which Ms. Kay is qualified to provide, will not be excluded just because counsel might use it for arguments about willfulness. But Ms. Kay cannot provide ultimate legal conclusions on willfulness.

Defendants also argue that Ms. Kay's testimony fails the Rule 702 standards for lacking reliability. First, Defendants argue Ms. Kay's opinions lack foundation because she formed her opinions without speaking to Ward first or considering the evidentiary record specific to Ward. Second, Defendants argue Kay did not use accepted methods to reach her conclusion. The Court is not persuaded to exclude Ms. Kay's opinions on the grounds of Rule 702. Defendants' objections to Ms. Kay's analysis because of facts she did *not* consider fall short because Defendants have not pointed to specific conclusions that Ms. Kay improperly drew because of that alleged lack of knowledge or consideration. Additionally, Defendants' objections to Ms. Kay's methodology miss the mark. Ms. Kay has over twenty years of experience in human resources. This experience is sufficient for Ms. Kay's methodology under Rule 702.

Finally, Defendants object under Federal Rule of Evidence 403 to Ms. Kay's use of words such as "abysmal" in Ms. Kay's report. For support, Defendants cite a district court decision regarding that case's motions in limine. *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 04-cv-3518, 2006 WL 5267970, at *1 (N.D. Cal. Sept. 12, 2006). Defendants' motion to exclude on Rule 403 grounds is **DENIED WITHOUT PREJUDICE** to reraising at the trial stage or in limine practice.

### III.    CONCLUSION

Defendants' motion, ECF No. 156, is **GRANTED IN PART, DENIED IN PART**, as set forth above.

**IT IS SO ORDERED.**
**SIGNED** this 28th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE