UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LINDSAY WARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL NO. W-19-CV-00337-DTG |
| | § | |
| **TEXAS FARM BUREAU, TEXAS FARM BUREAU BUSINESS CORPORATION, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU UNDERWRITERS, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, SLOAN BROWN, JUSTIN INGRAM, JON SHARP,** | §§§§§§§§§§§§ | |
| **Defendants.** | § | |

## OMNIBUS ORDER ON PRETRIAL MOTIONS

On March 27, 2024, the Court held a pretrial conference to resolve the dispositive motions pending in the above-captioned case. At the hearing, the Court issued detailed oral rulings explaining the Court's reasonings for its decisions. The following omnibus order memorializes those rulings for the record.

1. **Defendants' Joint Motion for Partial Summary Judgment on Plaintiff's Use of an Incorrect Overtime Multiplier and Certain Damages Claims (ECF No. 116) is GRANTED-IN-PART and DENIED-IN-PART**

    a. **Plaintiff's use of an improper 1.5 multiplier to calculate her claim for overtime compensation under the Fair Labor Standards Act ("FLSA") - GRANTED**

This Court previously addressed this same issue in *Merritt v. Texas Farm Bureau*, No. W-19-CV-00679-DTG, 2023 WL 3520236, at *4 (W.D. Tex. May 16, 2023), and held that a 0.5 (as

opposed to 1.5) was the correct multiplier for calculating overtime for Agency Managers. The Court notes that *all* CFR sections addressing commissions apply a 0.5 multiplier. *See* 29 C.F.R. 778.118-120. The Court is convinced that that the plain reading of Section 778.120 (which the parties claim is the applicable regulation) provides that Plaintiff's overtime compensation for any claimed overtime hours worked is calculated at a half-time (0.5) rate. Defendant's Motion is **GRANTED** as to the issue of an incorrect multiplier.

### b. Plaintiff's demand for liquidated damages on "front pay" damages for her FLSA retaliation claim—GRANTED

Plaintiff seeks separate damages for her Section 215(a)(3) retaliation claims, including back pay damages of approximately $1 million, as well as front pay (or projected future wages) of up to $5.7 million. ECF No. 116 at 3. In addition, Plaintiff seeks "**liquidated damages equal to the amount of her lost wages, totaling her back pay** *plus* **her front pay**." *Id*. Defendants argue that liquidated damages on the front pay portion of her retaliation claim damages are not available as a matter of law.

The damages available to a Plaintiff for FLSA retaliation claims are set forth in 29 U.S.C. § 216(b), and include "employment, reinstatement, promotion, and the payment of wages lost **and an additional equal amount as liquidated damages**." The statute doesn't expressly include the term front pay, but it is an equitable remedy under the FLSA and is considered "an alternative . . . where *reinstatement* is not feasible." *Little v. Tech. Specialty Prods. LLC*, 2013 WL 5755363, at *4 (E.D. Tex. Oct. 23, 2013) (citations omitted); *see also Julian v. City of Houston, Tex.*, 314 F.3d 721, 728, n.25 (5th Cir. 2002) (describing front pay as an equitable remedy). Because it is a component of the listed equitable remedy of **"reinstatement,"** front pay is a separate remedy from "wages lost" in Section 216(b).

2

In response, Plaintiff concedes that Ward cannot receive front pay as a liquidated damage and clarified that she is not asking for front pay as liquated damages. ECF No. 128 at 12. As such, the Court agrees that Ward cannot receive front pay *as a liquidated damage* and **GRANTS** Defendant's Motion on this point. The Court is not making any determination on whether front pay is (or is not) appropriate in this case, as that is not an issue briefed before the Court.

### c. Plaintiff's claim for punitive damages for her FLSA retaliation claim— DENIED

There is a circuit split on whether punitive damages are available for an FLSA retaliation claim. *Compare Shea v. Galaxie Lumber & Const. Co.*, 152 F.3d 729, 734 (7th Cir. 1998) (holding that punitive damages are available in FLSA retaliation cases) *with Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000) (holding that punitive damages are not available). Some district courts have concluded that the Fifth Circuit is unlikely to allow for punitive damages under the FLSA in light of the Circuit's holding that such damages are unavailable under the The Age Discrimination in Employment Act of 1967 ("ADEA"). *See Douglas v. Mission Chevrolet*, 757 F. Supp. 2d 637, 640 (W.D. Tex. 2010) (citing *Dean v. Am. Sec. Ins. Co.*, 559 F.2d 1036, 1039 (5th Cir. 1977)). However, in 2016, the Fifth Circuit's decision in *Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062 (5th Cir. 2016), found that emotional distress damages *are*, in fact, available in FLSA retaliation cases even though they are not available under the ADEA. This casts doubt on how the Circuit would address the issue of punitive damages in the FLSA context.

Since the *Pineda* case, two District Courts in this Circuit have addressed the issue of whether punitive damages are available in an FLSA retaliation claim. In *Chaves v. Cogent Med. Laboratory, LLC*, the Court declined to award such damages, but that was in the context of a default judgment. No. SA-19-CV-00861-ESC, 2020 WL 5096946, at *6 (W.D. Tex. Aug. 28,

3

2020) (stating that "[i]n light of the lack of clarity on the issue of whether punitive damages are available to Plaintiff in this case and the posture of this case as a default judgment, the Court declines to award punitive damages.").

In *West v. City of Holly Springs, Mississippi,* the Court acknowledged that "language [in *Pineda*] appears to increase the likelihood that the Fifth Circuit would want to at least keep punitive damages as an option in FLSA retaliation cases." No. 3:16CV79-MPM-RP, 2019 WL 2454066, at *3 (N.D. Miss. June 12, 2019). Given the uncertainty on how the Circuit would address the issue of punitive damages, the *West* Court found that judicial economy supported allowing the jury to make findings on the issue of damages "to maximize the options which are available to the Fifth Circuit on appeal." *Id*.

This Court agrees with the approach taken by the Court in *West* and will allow the issue of punitive damages to go to the jury. Defendant's Motion on this is **DENIED**.

### d. Plaintiff's claim for prejudgment interest on *all* of her claims—GRANTED

Plaintiff concedes that she is not entitled to prejudgment interest under the FLSA. ECF No. 128 at 3 ("the Court should deny Farm Bureau's motion except as to the prejudgment interest issue"). Therefore, Defendants' Motion is **GRANTED** as to prejudgment interest.

2. **Defendants' Motion for Final Summary Judgment Based on the Commission Exemption (ECF No. 117)—DENIED—and Plaintiff's Motion for Partial Summary Judgment on the Retail Exemption (ECF No. 114)—GRANTED**

The Court has addressed nearly identical briefing in the *Merritt* case, and for the same reasons explained in this Court's opinion there, the Court determines that Defendant is not a "retail establishment" as a matter of law under 29 U.S.C. § 207(i), because the insurance industry lacks a retail concept. Therefore, Defendants are not exempt from FLSA's overtime wage requirements on that basis and the retail exemption does not apply. *See Merritt v. Texas Farm Bureau*, 673 F. Supp. 3d 859, 866–67 (W.D. Tex. 2023).

3. **Defendants' Joint Motion for Summary Judgment on Plaintiff's FLSA Overtime and Recordkeeping Claims (ECF No. 121)—DENIED**

Defendants bring this Joint Motion for Summary Judgment on Plaintiff Lindsay Ward's overtime and recordkeeping claims under the FLSA (ECF No. 121) on three main points. *First*, Defendants argue the claims fail because there is insufficient evidence that they were on notice, either actual or constructive, that Ward was working more than 40 hours per week. ECF No. 121 at 2. *Second*, Defendants argue there is not an independent claim for failure to keep records. *Third*, Defendants claim that Ward cannot substantiate the amount and extent of her alleged overtime in any given workweek. *Id*.

   a. **Whether Defendants had Actual or Constructive Notice is a Disputed Material Issue of Fact**

Pursuant to an agreement between the parties and based on this Court's holding in *Merritt* that there is a disputed issue of fact as to whether Defendants had notice of overtime being worked, this portion of the motion is **WITHDRAWN**. *See* Text Order dated June 8, 2023.

   b. **Whether Plaintiff has an Independent Claim Based on Failure to Keep Records**

Plaintiff confirmed in the pleadings and at the hearing that she is not bringing an independent claim for failure to keep records, but is only asserting application of the *Mt. Clemens* burden shifting framework. ECF 126 at 19. As such, Defendant's Motion on this point is **GRANTED**.

   c. **Whether Plaintiff has Provided Sufficient Evidence of Overtime Hours**

The parties do not dispute the fact that Defendants did not keep track of Plaintiff's hours and therefore the burden shifting framework of *Anderson v. Mt. Clemens Pottery Co*. applies. 328 U.S. 680, 686-688 (1946). *Mt. Clemens* created a burden-shifting rule that applies when an employer has failed to keep records, or where such records are "inaccurate or inadequate." *Id*. In such a case (like the one here), plaintiff need only come forward with evidence that shows "that

5

[s]he has in fact performed work for which he was improperly compensated" and further shows "the amount and extent" of unpaid overtime worked "as a matter of just and reasonable inference." *Id*. Under this relaxed standard, a plaintiff need not prove "the precise extent of uncompensated work." *id*. A plaintiff must, however, present more than "unsubstantiated assertions." *Harvill v. Westward Commc'ns, L.L.C*., 433 F.3d 428, 441 (5th Cir. 2005). Defendants argue Plaintiff has presented only unsubstantiated assertions that do not satisfy even this relaxed standard.

Defendants claim that Plaintiff's discovery responses prove that she could only provide estimates of her overtime. In her Second Amended Initial Disclosures, Plaintiff claimed that she "estimates that she worked at least 45-65 hours a week" and in her interrogatory response to SFB Life, she responded saying she "worked on average 55 to 65 hours every workweek" and that she "is not able to reasonably identify the dates sought in this request with any greater degree of specificity based upon the documents available to her." ECF No. 121 at 11-12.

The Fifth Circuit has, however, accepted a plaintiff's sworn testimony as sufficient evidence of overtime worked. *Alvarez v. NES Glob. LLC*, No. 4:20-CV-01933, 2023 WL 9111908, at *13 (S.D. Tex. Dec. 29, 2023) (holding that "[t]he Fifth Circuit has repeatedly accepted estimates of weekly overtime hours derived from plaintiffs' testimony as adequate evidence.") (citing *Flores v. FS Blinds, L.L.C.*, *Flores v. FS Blinds, L.L.C.,* 73 F.4th 356, 363 (5th Cir. 2023*)* (which found that a plaintiffs' sworn testimony of estimates was sufficient.). As such, the Court finds that Plaintiff's sworn testimony of estimates of hours worked is sufficient evidence under this Circuit's caselaw to meet her prima facie case under *Mt. Clemens*. Defendant is not entitled to summary judgment on this issue and the Motion is therefore **DENIED.**

    4. **Plaintiff's Motion for Partial Summary Judgment on Overtime Hours Worked filed on March 15, 2023 (ECF No. 112)—DENIED**

It is undisputed that the *Mt. Clemens* burden-shifting framework applies because Farm Bureau did not keep records of Plaintiff's hours. Because Plaintiffs have a made a credible showing that they have performed work that was not properly compensated under the first prong of *Mt. Clemens*, the burden now shifts to Defendants to rebut Plaintiffs' showing. As here, "when the employer fails to keep time records, he must 'disprove' the employee's testimony that the Act was violated." *Skipper v. Superior Dairies, Inc.*, 512 F.2d 409, 420 (5th Cir. 1975). To do so, the employer must "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Godert v. Palo Alto Networks, Inc.*, 2017 U.S. Dist. LEXIS 196708, at *21 (N.D. Tex. Nov. 30, 2017).

For its part, Defendants have come forward with (1) two declarations from agents who worked in the same office as Ward—Alisha Young and Dustin Jehnzen—and deny that Ward worked the schedule she is claiming; (2) deposition testimony from Defendants Sharp and Ingram disputing many of Ward's claims; and (3) deposition testimony from Ward herself which Defendants argue shows lacks credibility and is contradictory. ECF No. 132 at 2, 11. This, along with the evidence provided by Plaintiff, is all evidence that a jury must listen to and weigh the credibility of for themselves. Because Defendant has produced sufficient evidence calls into question Plaintiff's evidence, there is a material dispute that precludes summary judgment on this issue. The Motion is **DENIED**.

5. **Defendants' Motion for Summary Judgment Based on the Administrative, Highly Compensated, and Executive Exemptions Under the FLSA (ECF No. 122)— DENIED—and Plaintiff's Motion for Partial Summary Judgment on the White-Collar Exemptions (ECF No. 113)—GRANTED**

These cross motions for Summary Judgment concern whether Plaintiff, as an Agency Manager, qualifies under the FLSA exemption from overtime requirements for individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). For this administrative exemption to apply however, the Plaintiff must be "[c]ompensated on a salary basis or fee basis at a rate of not less than $455 per week" (equivalent to $23,660 per year). 29 C.F.R. § 541.200(a)(1). As this Court has held in *Merritt*, Farm Bureau's manner of paying its Agency Managers on a commission basis cannot, as a matter of law, satisfy the salary basis requirements of the white-collar exemptions for two reasons: (1) her commissions aren't calculated on a weekly or less-frequent basis (they are not calculated on any unit of time); and (2) her commissions aren't a predetermined amount and can fluctuate based on whether premiums are (or are not paid). *See Merritt v. Tex. Farm Bureau*, No. W-19-CV-00679-DTG, 2023 WL 3520236, at *1 (W.D. Tex. May 16, 2023) (Granting plaintiff's motion for summary judgment on the "white-collar" exemptions and denying Farm Bureau's motion for summary judgment on the issue). Therefore, Defendants do not qualify for these exemptions, and Plaintiff's Motion is **GRANTED** while Defendant's Motion is **DENIED**.

6. **Plaintiff's Motion for Partial Summary Judgment on Employee Status (ECF No. 193 and previously at ECF No. 115-1)**

On two occasions, this Court has found Agency Mangers to be employees, as opposed to independent contractors, as a matter of law. *See Merritt*, No. W-19-CV-00679-DTG, 2023 WL 3441573, at *1 (W.D. Tex. May 12, 2023) *and Ferguson v. Texas Farm Bureau*, No. 617CV00111ADAJCM, 2021 WL 2349340 at *3 (W.D. Tex. May 19, 2021), report and recommendation adopted, No. 6-17-CV-00111 ADA, 2021 WL 7906826 (W.D. Tex. June 22, 2021). This Court finds that nearly identical facts exist here, and holds that Plaintiff, an Agency Manager, to be an employee. Plaintiff's Motion is **GRANTED**.

SIGNED this 28th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE