IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LINDSAY WARD,<br>   *Plaintiff,* | §<br>§<br>§ | |
| v. | § | 6:19-CV-00337-DTG |
| TEXAS FARM BUREAU ET AL.,<br>   *Defendants.* | §<br>§<br>§<br>§ | |

## ORDER GRANTING ECF NO. 159, MOTION TO EXCLUDE THE EXPERT OPINIONS OF CHARLES PEARL

Before the Court is ECF No. 159, Plaintiff Lindsay Ward's Motion to Exclude the Testimony and Opinions of Charles Pearl. Plaintiff seeks to exclude the testimony of Charles Pearl, an actuary who is Defendants' retained expert on the salary-basis test of 29 C.F.R. § 541.602.

### I. LEGAL STANDARD

The Federal Rules of Evidence provide that an expert "may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

### II. ANALYSIS

Plaintiff identifies four opinions from Pearl that Plaintiff argues should be excluded under Rule 702. First, Plaintiff argues that Pearl's opinion is inadmissible that Plaintiff was paid total compensation over $115,000 per year. Second, that Plaintiff received in excess of $1,972.00 in compensation every month. Third, that the vast majority of Plaintiff's compensation was derived

from renewal commissions. Fourth, that based on Defendants' premium retention rates, it was effectively guaranteed that Plaintiff's income would not fall below $1,972.00 per month. ECF No. 159 at 2.

Mr. Pearl admits that he was engaged "to opine whether, during the relevant period that the Plaintiff was contracted with the Farm Bureau Insurance Companies . . . the Plaintiff received a pre-determined amount of compensation on a monthly basis that would exceed $1,972 per month, regardless of variations in the quality or quantity of the Plaintiff's work." ECF No. 163 at 1.

Because all of Mr. Pearl's testimony goes to defenses that have been resolved as a matter of law, the Court finds this testimony unhelpful and **GRANTS** the Daubert motion.

### III.   CONCLUSION

Plaintiff's motion, ECF No. 159, is **GRANTED**, as set forth above.

**IT IS SO ORDERED.**
**SIGNED** this 28th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE