IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LINDSAY WARD,** *Plaintiff,* | § § § | |
| v. | § § | 6:19-CV-00337-DTG |
| **TEXAS FARM BUREAU ET AL.,** *Defendants.* | § § § § | |

### ORDER DENYING ECF NO. 157, MOTION TO EXCLUDE THE EXPERT OPINIONS OF DAWN KOVNER

Before the Court is ECF No. 157, Plaintiff's Motion to Exclude the Testimony of Dawn Kovner. Plaintiff seeks to exclude the testimony of Dawn Kovner, Defendants' retained expert on Plaintiff's alleged failure to mitigate damages.

### I.    LEGAL STANDARD

The Federal Rules of Evidence provide that an expert "may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

With respect to the proper scope of expert testimony, testimony in the form of an opinion "is not objectionable just because it embraces an ultimate issue." Fed R. Evid. 704. "An expert witness is permitted to give his opinion on an 'ultimate issue' of fact, assuming he is qualified to do so." *United States v. Oti*, 872 F.3d 678, 691 (5th Cir. 2017). "Testimony on ultimate issues aids the jury in reaching a verdict. In comparison, testimony which states and applies the relevant law

circumvents the jury's decision-making function by telling it how to decide the case." *City of Allen, Tex. v. Time Warner Cable Tex., LLC*, No. 19-cv-345, 2021 WL 8053616, at *3 (W.D. Tex. Nov. 1, 2021) (citation omitted). "[A]n expert may never render conclusions of law." *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).

## II.     ANALYSIS

The Court is not persuaded that Ms. Kovner should be excluded from testifying on the grounds identified by Plaintiff.

Plaintiff moves to exclude Ms. Kovner's opinions based on three allegedly erroneous opinions that Ms. Kovner offers in support of Defendants' mitigation defense. These include Plaintiff's reasonable diligence, whether Plaintiff could have found a replacement employment, and the range of compensation Plaintiff would have found.

First, Plaintiff asserts that whether she used reasonable diligence in seeking substantially equivalent employment is a question for a factfinder and that a reasonable juror can make that decision without an expert. Plaintiff also asserts reasonable diligence in this context is a legal conclusion on which an expert is prohibited from opinion. ECF No. 157 at 5–6.

Plaintiff argues that Ms. Kovner's opinion that Plaintiff could have found replacement employment with a reasonable effort is improper because Ms. Kovner only considers insurance agent sales positions rather than positions in management. *Id.* at 6–8. Defendants dispute that Ms. Kovner failed to consider positions in management. ECF No. 167 at 7–8. Ms. Kovner opined in her report that Plaintiff previously moved from an insurance sales agent to an agency manager and could likely do so again. ECF No. 157-1 ¶ 34. Ms. Kovner further opined that because Plaintiff had only been working as an agency manager at Texas Farm Bureau for about one year, Ms.

Kovner could not conclude she would have continued as an agency manager with Texas Farm Bureau for any significant period of time, absent termination of her contracts in July 2017. *Id.* ¶ 35.

Finally, Plaintiff objects to Ms. Kovner providing a range of compensation. Plaintiff argues that because Defendants did not show substantially equivalent employment was available (*supra*), Defendants' proffered range of compensation necessarily fails as well. ECF No. 157 at 10.

The Court finds that Plaintiff's objections to Ms. Kovner's expert opinions are not proper grounds to exclude under *Daubert*. Rather, Plaintiff's objections go to the weight of Ms. Kovner's testimony, not its admissibility. Plaintiff may take these issues up on cross examination.

### III.   CONCLUSION

In conclusion, Plaintiff's Motion to Exclude the Testimony of Dawn Kovner is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED** this 28th day of March, 2024.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE