IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| LINDSAY WARD,<br>    *Plaintiff,*<br><br>v.<br><br>TEXAS FARM BUREAU ET AL.,<br>    *Defendants.* | §<br>§<br>§<br>§  6:19-CV-00337-DTG<br>§<br>§<br>§<br>§ |

## ORDER GRANTING IN PART, DENYING IN PART ECF NO. 158, MOTION TO EXCLUDE THE EXPERT OPINIONS OF ERNEST CSISZAR

Before the Court is ECF No. 158, Plaintiff's Motion to Exclude the Testimony of Ernest Csiszar. Plaintiff seeks to exclude the testimony of Ernest Csiszar, Defendants' retained expert on regulatory requirements and the employee or independent-contractor classification.

### I.  LEGAL STANDARD

The Federal Rules of Evidence provide that an expert "may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702.

With respect to the proper scope of expert testimony, testimony in the form of an opinion "is not objectionable just because it embraces an ultimate issue." Fed R. Evid. 704. "An expert witness is permitted to give his opinion on an 'ultimate issue' of fact, assuming he is qualified to do so." *United States v. Oti*, 872 F.3d 678, 691 (5th Cir. 2017). "Testimony on ultimate issues aids the jury in reaching a verdict. In comparison, testimony which states and applies the relevant law

1

circumvents the jury's decision-making function by telling it how to decide the case." *City of Allen, Tex. v. Time Warner Cable Tex., LLC*, No. 19-cv-345, 2021 WL 8053616, at *3 (W.D. Tex. Nov. 1, 2021) (citation omitted). "[A]n expert may never render conclusions of law." *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).

## II.     ANALYSIS

The Court is persuaded that Mr. Csiszar should not be permitted to testify on the propriety of FLSA classifications, as those are legal conclusions. *Goodman*, 571 F.3d at 399. However, Defendants argue that there are two areas about which Ms. Csiszar may properly testify: willfulness of the alleged FLSA violations, and the Commission Exemption of Section 207(i) of the FLSA, which provides an exemption from overtime requirements for any commissioned employee. 29 U.S.C. § 207(i).

Mr. Csiszar can testify about the policies, procedures, and practices, and training conducted by Farm Bureau as compared to prevailing standards or best practices. *Dickson v. Bosworth Co., Ltd.*, No. 21-cv-9, 2022 WL 1523490, at *4–5 (W.D. Tex. May 13, 2022). Such testimony will not be excluded just because counsel might use it for arguments about willfulness or to determine the extent to which Ward received commissions. In that respect, the Daubert motion is **DENIED**. However, Mr. Csiszar cannot provide legal conclusions on willfulness. *Id.* at *5. Additionally, Mr. Csiszar will not be allowed to opine on the Commission Exemption under FLSA, as such an explanation of the law is for the Court to provide. Further, because the Commission Exemption issue has been resolved as a matter of law, the Court finds this testimony unhelpful and **GRANTS** the Daubert motion as to that basis of his testimony.

## III. CONCLUSION

Plaintiff's motion, ECF No. 158, is **GRANTED IN PART, DENIED IN PART**, as set forth above.

**IT IS SO ORDERED.**
**SIGNED** this 28th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE