UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **LINDSAY WARD,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **TEXAS FARM BUREAU, TEXAS** § | |
| **FARM BUREAU BUSINESS CORPO-** § | |
| **RATION, TEXAS FARM BUREAU** § | |
| **CASUALTY INSURANCE COMPANY,** § | **CIVIL NO. W-19-CV-00337-DTG** |
| **TEXAS FARM BUREAU MUTUAL** § | |
| **INSURANCE COMPANY, TEXAS** § | |
| **FARM BUREAU UNDERWRITERS,** § | |
| **FARM BUREAU COUNTY MUTUAL** § | |
| **INSURANCE COMPANY OF TEXAS,** § | |
| **SOUTHERN FARM BUREAU LIFE** § | |
| **INSURANCE COMPANY, SLOAN** § | |
| **BROWN, JUSTIN INGRAM, JON** § | |
| **SHARP,** § | |
| § | |
| **Defendants.** | |

## ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION FOR LEAVE TO DESIGNATE A REPLACEMENT EXPERT AND TRIAL CONTINUANCE

Before the Court is Plaintiff's Motion for Leave to Designate a Replacement Expert and a Trial Continuance (ECF No. 196). The motion has been fully briefed, and the Court **GRANTS** the unopposed requests to (1) exceed page limits on Plaintiff's reply brief (ECF No. 212) and (2) Defendants' request to file a sur-reply brief (ECF No. 213).

### BACKGROUND

Plaintiff finds itself in the unexpected situation of requesting a last-minute extension. In early March, Plaintiff learned that her human resources expert suffered an unanticipated and unforeseen medical issue and would be unavailable for trial. ECF No. 196 at 1. This case is currently set for trial beginning on May 8, 2024. Plaintiff seeks a short continuance of the trial to allow Plaintiff to substitute its expert at this late date. ECF No. 196 at 4.

Defendant opposes any request to move the trial, and argues that a replacement expert on willfulness and continuance are unnecessary. ECF No. 201 at 1-2. Since the opening motion was filed, "Defendants have waived their two-years limitations defense," and stipulated to a three-year limitations period under the FLSA. ECF No. 209 at 2 and ECF No. 208 (Stipulation) at 1. Defendants claim that Plaintiff no longer has the burden to prove willfulness because of this stipulation and that there is thus no need for an expert on the subject. ECF No. 209 at 2 and ECF No. 208 at 1.

Because Defendants' stipulation is not an admission on willfulness, Plaintiffs argue that the FLSA statute still requires Plaintiff to prove a willful violation occurred. ECF No. 212-1 at 1.

## DISCUSSION

In determining whether to allow a late-designated witness, the Court considers four factors. The factors include the following: (1) the explanation for the late witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure any prejudice. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

### 1. Plaintiff's explanation weighs in favor of the substitution.

It is undisputed that Plaintiff has a valid explanation. Plaintiff's original expert suffered an unanticipated medical issue that prevents Plaintiff's counsel from being able to communicate with the expert. ECF 196 at 2. Defendants do not dispute that the need for a new expert only arose recently, after the deadline for expert designations, when the expert's unfortunate medical condition became known. ECF No. 196 at 2. This factor weighs in favor of Plaintiff to substitute a new expert.

### 2. The testimony is important.

The parties dispute the importance of the testimony. Plaintiff asserts that an expert's testimony on willfulness is crucial because the FLSA requires Plaintiff to prove that Defendants willfully violated the FLSA to obtain a three-year statute of limitations. ECF No. 196 at 2-3. Defendants have attempted to eliminate this concern by a stipulation to the "inapplicability of the two-year statute of limitations under the FLSA," a waiver of their affirmative defense based on the two-year statute, and a stipulation "to a three-year statute of limitations." ECF No. 208 at 1. Defendants contend that their stipulation eliminates their affirmative defense makes the issue of willfulness "moot" and an expert on the subject "unnecessary." ECF No. 209 at 3.

The Court is persuaded that the testimony is important. By its plain language the FLSA's limitations period is two years by default and three years for a willful violation:

> Any action [under the FLSA] may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

29 U.S.C. § 255. The U.S. Supreme Court has held that this provision is a "two-tiered statute of limitations." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132 (1988). The Supreme Court also noted, however, that "to obtain the benefit of the 3-year exception, the [plaintiff] must prove that the employer's conduct was willful." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). As the Fifth Circuit has held, "[t]he plaintiff bears the burden of demonstrating willfulness." *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 Fed. Appx. 349, 360 (5th Cir. 2015) (unpublished). While Defendants make a logical argument that its stipulation obviates the need for Plaintiff to bear the burden of proving willfulness, they cite no caselaw and the Court is unaware

3

of any that relieves Plaintiff of the obligation to prove willfulness in light of a stipulation. This factor weighs in favor of granting Plaintiff's new expert.

### 3. Potential prejudice in allowing the testimony and the availability of a continuance to cure any prejudice

Plaintiff argues these two factors weigh in her favor because "Farm Bureau will not be prejudiced." ECF No. 196 at 3. Plaintiff already has an expert it expects to designate, Jill Rorschach, who will "merely adopt Kay's prior opinions to the extent she agrees with them [and] will *not* offer new opinions or open new issues for debate." *Id*. Plaintiff additionally offers her substitute expert for a deposition before trial. *Id*. Plaintiff claims that the "only imaginable prejudice" is that Ms. Rorschach cannot testify *at trial* in May.

Defendants are strongly opposed to any continuance. Defendants point to several previous continuances, including a six-month continuance of the trial date to account for Plaintiff's pregnancy. ECF No. 209 at 2. Defendants claim that they would be prejudiced because they "will have to take a new expert deposition" and that any continuance would actually be the real prejudice to Defendants because of the significant expenses that have been incurred in anticipation of the May 8 trial setting. ECF No. 201 at 6-7. At the March 27, 2024 pretrial hearing, Defendants offered to allow Plaintiff to call Ms. Rorschach remotely or by video deposition.

The Court is persuaded that the prejudice will be substantially minimized, or eliminated, by granting the substitution without needing to move the trial date. The Court has already notified the parties via email on April 15, 2024 that trial will no longer be able to occur on May 9 and May 10, 2024, and will now extend into the entirety of the next week. In sum, the Court finds that allowing Plaintiff to substitute its expert (who has already agreed to not offer any new opinions) while keeping the May trial date properly balances any of the prejudices raised by the parties. While the parties will need to take one additional deposition, the Court finds this to be a

minor prejudice that pales in comparison to the postponement of an entire trial. Furthermore, to the extent that Ms. Rorschach cannot attend a May trial, that deposition can be designated to be played at trial.

## CONCLUSION

Because the balancing of the factors weighs in favor of allowing the substitution of Plaintiff's expert, the Court **GRANTS-IN-PART** Plaintiff's Motion (ECF No. 196) and will allow for the substitution of its expert, but **DENIES-IN-PART** the Motion to the extent it requests a postponement of the trial date.

SIGNED this 18th day of April, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE