# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |  |
|---|---|---|
| LINDSAY WARD, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS FARM BUREAU, TEXAS FARM | § | |
| BUREAU BUSINESS CORPORATION, | § | |
| TEXAS FARM BUREAU CASUALTY | § | |
| INSURANCE COMPANY, TEXAS | § | |
| FARM BUREAU MUTUAL | § | **CASE NO. 6:19-cv-00337-DTG** |
| INSURANCE COMPANY, TEXAS FARM | § | |
| BUREAU UNDERWRITERS, FARM | § | |
| BUREAU COUNTY MUTUAL | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| SOUTHERN FARM BUREAU LIFE | § | |
| INSURANCE COMPANY, SLOAN | § | |
| BROWN, JUSTIN INGRAM, AND | § | |
| JON SHARP, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER ON DEFENDANTS' MOTIONS IN LIMINE [ECF NO. 224]

| REQUEST NO. | LIMINE REQUEST | GRANTED | DENIED | AGREED |
|---|---|---|---|---|
| 1 | Gary Wood did not supervise Plaintiff and has no relevant knowledge of her claims. | | | X |
| 2 | Defendants' company-wide expenses and investments. | | X | |
| 3 | Defendants' financial size or net worth. | X | | |

| REQUEST NO. | LIMINE REQUEST | GRANTED | DENIED | AGREED |
|---|---|---|---|---|
| 4 | Evidence, Testimony, Commentary, Statements, Arguments, and/or References to (i) the Existence of the *English, Merritt,* and pending Arbitration Actions, (ii) the Allegations and Claims Made in the *English, Merritt,* and pending Arbitration Actions, and (iii) any Interlocutory Rulings Issued in *English*, *Ferguson*, *Merritt,* and pending Arbitration Actions. | GRANTED as to all but *Ferguson* | | |
| 5 | The *Ferguson* court's issuance of the corrective notice. | X | | |
| 6 | Discovery disputes and objections to discovery. | | | X |
| 7 | Documents or information for which a claim of privilege or exemption has been made. | | | X |
| 8 | Alleged FLSA record-keeping violations. | X | | |
| 9 | Alleged FLSA violations, if any, as determined by the Court. | GRANTED as to all but *Ferguson* | | |
| 10 | Bill Bergman's alleged statement that unidentified "higher ups" told him Plaintiff would be terminated if she did not sign the affidavit. | | X | |
| 11 | Plaintiff's unilateral recordings of her purported conversations with Bill Bergman after she filed this lawsuit. | X | | |
| 12 | Alleged comparators who are not similarly situated. | X | | |
| 13 | Income, including commissions, of other Agency Managers. | X | | |
| 14 | Front pay damages. | X | | |
| 15 | Liquidated damages. | X | | |
| 16 | Damages beyond the scope of Plaintiff's pleadings, discovery responses, and disclosures. | X | | |
| 17 | Claims or allegations beyond the scope of Plaintiff's complaint. | X | | |
| 18 | Anxiety, stress, or hardship Plaintiff may have experienced because of the lawsuit. | | | X |
| 19 | Any party's political or religious activities, affiliation, beliefs, or participation. | | | X |

| Request No. | Limine Request | Granted | Denied | Agreed |
|---|---|---|---|---|
| 20 | References to the "Golden Rule" or similar concepts. | X | | |
| 21 | Defendants' lawyers and cost of defense. | | | X |
| 22 | Counsel's own personal beliefs concerning the justness of Plaintiff's case or her right to recover damages. | X | | |
| 23 | Inflammatory testimony. | X | | |
| 24 | Testimony or references suggesting Defendants acted "willfully." | | X | |
| 25 | Any evidence of or reference to allegations that Mr. Bergman acted in a sexually inappropriate manner or made sexually inappropriate remarks at any time, with Plaintiff or others. | X | | |

SIGNED this 22nd day of April, 2024.

_____
HONORABLE DEREK GILLILAND
United States Magistrate Judge