## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **LINDSAY WARD,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS FARM BUREAU, TEXAS FARM** | § | |
| **BUREAU BUSINESS CORPORATION,** | § | **CASE NO. 6:19-cv-00337-DTG** |
| **TEXAS FARM BUREAU CASUALTY** | § | |
| **INSURANCE COMPANY, TEXAS** | § | |
| **FARM BUREAU MUTUAL** | § | |
| **INSURANCE COMPANY, TEXAS** | § | |
| **FARM BUREAU UNDERWRITERS,** | § | |
| **FARM BUREAU COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY OF TEXAS,** | § | |
| **SOUTHERN FARM BUREAU LIFE** | § | |
| **INSURANCE COMPANY, SLOAN** | § | |
| **BROWN, JUSTIN INGRAM, and JON** | § | |
| **SHARP,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF LINDSAY WARD'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Plaintiff Lindsay Ward moves for a judgment as a matter of law under Federal Rule of Civil Procedure 50, and would show the Court as follows.

The trial record establishes that Ward is entitled to judgment on willfulness under Federal Rule of Civil Procedure 50(a). Judgment as a matter of law is appropriate where a reasonable jury would not have a sufficient evidentiary basis to find for the non-movant on the issue.[1]  To prevail under Rule 50(a), Ward must show that the facts and inferences point so strongly in her favor that a rational jury couldn't reach a contrary verdict—even when drawing all reasonable inferences and

---

[1] Fed. R. Civ. P. 50(a)(1).

resolving all credibility determinations in Farm Bureau's favor.[2] But this Court must credit "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."[3] Here, the uncontroverted evidence, adduced from Farm Bureau itself, is that it made no inquiry into whether its classification scheme complied with the FLSA.

An FLSA claim is ordinarily subject to a two-year limitations period, but if Plaintiffs can demonstrate the violation was willful, then the limitations period is extended to three years.[4] Under the FLSA, the employee has the burden of demonstrating willfulness for the three-year limitations period to apply.[5] An FLSA violation is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."[6] Reckless disregard means the "*failure to make adequate inquiry into whether conduct is in compliance with the Act*."[7]

The uncontroverted evidence at trial shows Farm Bureau made absolutely *no inquiry* to determine if its classification of Agency Managers like Ward as independent contractors complied with the FLSA. Farm Bureau doesn't even recall how it originally decided to classify the Agency Managers as independent contractors, which apparently happened sometime back in the 1950s.[8]

---

[2] *Robinson v. Jackson State Univ.*, 714 Fed. Appx. 354, 358 (5th Cir. 2017)

[3] *Id.*

[4] *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016) (citing 29 U.S.C. § 255(a)).

[5] *Id*.

[6] *Id*. (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[7] 5 C.F.R. § 551.104 (emphasis added); *see also Ferguson v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-CV-00111, 2017 WL 7053927, at *5 (W.D. Tex. July 26, 2017), *report and recommendation adopted*, No. 6:17-CV-111-RP, 2018 WL 1392703 (W.D. Tex. Mar. 20, 2018) (citing § 551.104).

[8] *See* Testimony of Sloan Brown.

It can't recall whether that decision was based on a 50-state survey of the caselaw, the flip of a coin, or an intentional decision to shirk the FLSA. Southern Farm Bureau relies solely on the existence of the contract for its decision, but it has offered no evidence that it inquired into whether that matters under the FLSA.[9] As the Court knows well, it doesn't: "As a preliminary note, because Fifth Circuit precedent could not be clearer on the matter, a contract classifying Plaintiffs as "independent contractors" does not determine worker classification."[10] And since classifying the Agency Managers as independent contractors nearly 70 years ago, Farm Bureau hasn't looked back.[11]

Where an employer "fail[s] to conduct an inquiry into whether their conduct was compliant with the FLSA[,] [t]his is, by definition, reckless disregard of the requirements of the FLSA."[12] In *Ferguson,* this Court reiterated that the standard for reckless disregard under the FLSA turns on whether Farm Bureau made such an adequate inquiry.[13] Here, Farm Bureau's failure to make an adequate inquiry into whether Ward was properly classified is, by definition, reckless disregard of the requirements of the Act.  And it is established by the uncontradicted and unimpeached evidence

---

[9] *See* Testimony of David Hurt.

[10] *Ferguson v. Texas Farm Bureau*, No. 617CV00111ADAJCM, 2021 WL 2349340, at *2 (W.D. Tex. May 19, 2021).

[11] *See* Testimony of David Hurt and Sloan Brown.

[12] *Schulke v. Isbaz Corp.*, No. CV H-20-2571, 2023 WL 5002452, at *5 (S.D. Tex. Aug. 4, 2023) citing 5 C.F.R. § 551.104).

[13] *Ferguson v. Texas Farm Bureau Bus. Corp.*, No. 6:17-CV-00111, 2017 WL 7053927, at *5 (W.D. Tex. July 26, 2017), *report and recommendation adopted*, No. 6:17-CV-111-RP, 2018 WL 1392703 (W.D. Tex. Mar. 20, 2018) ("A willful violation arises when the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. . . FLSA regulations define 'reckless disregard' as a 'failure to make adequate inquiry into whether conduct is in compliance with the act.'")  (citing 5 C.F.R. § 551.104).

at trial. Therefore, judgment as a matter of law on the issue of willfulness is appropriate under Rule 50(a).

Dated: May 14, 2024

Respectfully submitted,

**WILLIAMS HART BOUNDAS, LLP**

By: /s/ *John Eddie Williams Jr.*
    John Eddie Williams, Jr.
    Texas Bar No. 21600300
    S.D. Tex. Bar No. 5179
    jwilliams@whlaw.com
    Brian A. Abramson
    Texas Bar No. 24050193
    S.D. Tex. Bar No. 634741
    babramson@whlaw.com
    Sean M. McCarthy
    Texas Bar No. 24065706
    S.D. Tex. Bar No. 987779
    smccarthy@whlaw.com
    8441 Gulf Freeway, Suite 600
    Houston, Texas 77017
    Telephone:  713-230-2200
    Facsimile:  713-643-6226

**WYLY & COOK, PLLC**

By: /s/ *Kelly E. Cook*
    Kelly E. Cook
    kcook@wylycooklaw.com
    State Bar No. 24062675
    S.D. Tex. Bar No: 1022069
    Warren A. Berlanga
    wberlanga@wylycooklaw.com
    State Bar No. 24085199
    S.D. Tex. Bar No: 2611869
    1415 N Loop W, Suite 1000
    Houston, TX 77008
    Telephone: (713) 236-8330
    Facsimile: (713) 863-8502

**LAWSON & MOSHENBERG PLLC**

By: /s/ *Avi Moshenberg*

**MCDOWELL HETHERINGTON, LLP**

By: /s/ *William B. Thomas*
    William B. Thomas
    Texas Bar No.: 24083965
    william.thomas@mhllp.com
    William X. King
    Texas Bar No.: 24072496
    william.king@mhllp.com
    1001 Fannin, Suite 2400
    Houston, Texas 77002
    Telephone: 713-337-5580
    Facsimile: 713-337-8850

Avi Moshenberg
Texas Bar No.: 24083532
avi.moshenberg@lmbusinesslaw.com
Nick Lawson
Texas Bar No.: 24083367
nick.lawson@lmbusinesslaw.com
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on May 14, 2024, a true and correct copy of the above and foregoing was served upon all counsel of record via electronic filing and email.

_/s/ Avi Moshenberg_
Avi Moshenberg